UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONTELE SWANSON DEVILL GOODWIN,

   Petitioner,         Case No. 21-10770

v.

                 HON. MARK A. GOLDSMITH

GARY MINIARD,

   Respondent.
_____/

JONTELE SWANSON DEVILL GOODWIN,

   Petitioner,         Case No. 21-11724

v.

                 HON. MARK A. GOLDSMITH

GARY MINIARD,

   Respondent.
_____/

**ORDER
(1) GRANTING PETITIONER'S MOTION FOR A STAY AND
(2) ADMINISTRATIVELY CLOSING PETITIONER'S TWO HABEAS CASES**

  This matter is before the Court on Petitioner Jontele Swanson Devill Goodwin's motion to stay his habeas petition and hold all proceedings in abeyance so that he can raise and exhaust newly discovered issues in state court (No. 21-11724, Dkt. 5). For the reasons stated below, the Court grants Petitioner's motion and administratively closes Petitioner's two habeas cases.

**I. BACKGROUND**

  Petitioner, a state prisoner in the custody of the Michigan Department of Corrections, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 (No. 21-10070 & No. 21-11724, Dkt. 1). The petition challenges one judgment that covered convictions for solicitation of

murder and witness tampering and a second judgment that covered convictions for a drug crime and three related offenses involving weapons or ammunition.

Petitioner asserted four grounds for relief from the solicitation of murder and witness tampering convictions. First, the trial court erred in finding that Petitioner was not entrapped by the police. Id. at PageID.5. Second, the trial court abused its discretion in admitting statements that Lakeisha Goodwin made to Kurtis Martell after the acts supporting the solicitation charge were complete because these statements were irrelevant and unfairly prejudicial. Id. at PageID.17. Third, the trial court erred in regard to the scoring of OV-19. Id. at PageID.8. Fourth, Petitioner was denied effective assistance of counsel when trial counsel did not file a motion for a Franks hearing to test the credibility and reliability of a confidential informant. Id. at PageID.17.

Petitioner asserted four grounds for relief from the conviction for the drug crime and the three related offenses. First, he was denied effective assistance of counsel when trial counsel failed to suggest or agree to a general stipulation that Petitioner was a convicted felon. Id. at PageID.21. Second, the prosecutor committed misconduct and deprived Petitioner of a fair trial by (i) telling the jury in opening statements that Petitioner was previously on probation and parole and that Petitioner had recently completed parole at the time of the instant offenses, (ii) eliciting testimony regarding the dangerous nature of fentanyl, and (iii) suggesting that there might be a reason "not of record" that one of the witnesses was afraid of Petitioner. Id. at PageID.23. Third, the "sufficiency of evidence and denial of effective assistance of counsel" entitles Petitioner to relief. Id. at PageID.24. Fourth, appellate counsel was ineffective for failing to obtain additional evidence to aid in counsel's presentation of the Franks claim. Id. at PageID.26.

On July 26, 2021, the Court entered an order that: (i) allowed Petitioner to proceed with his challenge to the convictions for solicitation of murder and witness tampering under case

2

number 21-10770, (ii) severed the claims that challenged Petitioner's convictions for the drug crime and the three related offenses, and (iii) directed the Clerk of Court to open a new case for the severed claims.  7/26/21 Order (No. 21-10770, Dkt. 5; No. 21-11724, Dkt. 2).  The Court directed the Clerk of Court to file a copy of the Court's order and a copy of the habeas petition in the new case.  Id.

The Clerk of Court complied with the Court's order and opened a new case for Petitioner's severed claims: case number 21-11724.  Petitioner then filed an amended petition for a writ of habeas corpus in that case (No. 21-11724, Dkt. 3).  However, Petitioner should have filed the amended petition in case number 21-10770 because the petition challenges Petitioner's convictions for solicitation of murder and witness tampering.  Id. at PageID.57.  Because Petitioner did not write case number 21-10770 on his amended petition, the amended petition was filed as docket entry 3 in case number 21-11724.

To complicate matters, Petitioner filed a motion to stay his habeas petition in which he used the state court case numbers for the petition challenging his convictions for the drug crime and related offenses but used the federal court case number for the petition challenging his convictions for solicitation of murder and witness tampering (No. 21-11724, Dkt. 5).  Although the motion was filed only in case number 21-11724, Petitioner states in the motion that he wants the Court to stay all his proceedings pending in this Court.  Id. at PageID.76 (emphasis added).

The Court interprets this statement to mean that Petitioner seeks a stay in both habeas cases.  If Petitioner intended to seek a stay in only one of his two habeas cases, he must clarify his intentions and notify the Court of his intentions in writing within 30 days of the date of this order.  Presently, the Court proceeds to address Petitioner's motion for a stay as if it were meant to cover both of his habeas cases.

## II.  DISCUSSION

Petitioner states in his motion for a stay that he has newly discovered issues that he wants to raise and exhaust in state court before the Court adjudicates his current claims.  The new issues include:  (i) trial counsel was ineffective for failing to investigate, interview, and produce Kurtis Martell to aid in Petitioner's defense; (ii) the prosecution failed to disclose impeaching evidence that would have substantially aided in Petitioner's defense; and (iii) the prosecution deprived Petitioner of a substantial defense by failing to preserve potentially exculpatory evidence.  Id. at PageID.77.

Under the doctrine of exhaustion of state remedies, state prisoners must give the state courts an opportunity to act on their claims before they present those claims to a federal court in a habeas corpus petition.  See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." O'Sullivan, 526 U.S. at 845, 847.

Petitioner seems to concede that his initial habeas petition was untimely under 28 U.S.C. § 2244(d)(1), which sets a one-year statute of limitations for habeas petitions.  Pet. at PageID.29– 30.  Thus, a stay of Petitioner's habeas cases while he exhausts state remedies for his new claims could be a wasted effort.  However, Petitioner alleges that his prison was on "lock down" and that there was no access to the prison law library or to the State's appellate courts after February 2020. Id.  Petitioner may be entitled to equitable tolling of the habeas statute of limitations on that basis.

4

For the same reason, Petitioner arguably has shown "good cause" for failing to first exhaust his claims in state court. He does not appear to be engaged in dilatory tactics, and his unexhausted claims are not plainly meritless. Cf. Rhines v. Weber, 544 U.S. 269, 277–278 (2005) (explaining that a "stay and abeyance" procedure is available in "limited circumstances," such as when "there was good cause for the petitioner's failure to exhaust his claims first in state court," the "unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics").

District courts are entitled to delay a decision on a habeas petition with fully exhausted claims when doing so would serve considerations of comity and judicial economy. Bowling v. Haeberline, 246 F. App'x 303, 306 (6th Cir. 2007). Accordingly, the Court grants a stay of Petitioner's habeas cases.

### III. CONCLUSION

For the reasons given above, the Court—interpreting Petitioner's motion to seek a stay of both habeas cases—grants Petitioner's motion for a stay. As a condition of this stay, Petitioner shall file a motion for relief from judgment in his state-court cases within 60 days of the date of this order if he has not already filed such a motion.

If Petitioner intended to seek a stay in only one of his two habeas cases, he must inform the Court in writing of his intention within 30 days of the date of this order.

Presuming that Petitioner seeks a stay of both habeas cases, it is further ordered that, if Petitioner is unsuccessful in state court, he shall file an amended habeas corpus petition and a motion to re-open both of his habeas cases within 60 days of exhausting state remedies. Any failure to comply with this order could result in the dismissal of Petitioner's cases. Calhoun v. Bergh, 769 F.3d 409, 411 (6th Cir. 2014). The Court declines to express an opinion on whether

5

any new claims presented in an amended habeas petition in either habeas case will be barred by the statute of limitations if or when Petitioner returns to federal court following exhaustion of state remedies for his new claims.

It is further ordered that these two cases are administratively closed. Nothing in this order shall be deemed an adjudication of Petitioner's current claims in either case.

To prevent any further confusion about Petitioner's two cases, the Court emphasizes that any future documents challenging Petitioner's convictions for solicitation of murder and witness tampering must be filed in case number 21-10770, and any future documents challenging Petitioner's conviction for the drug crime and the three related offenses must be filed in case number 21-11724.

SO ORDERED.

Dated: January 31, 2022　　　　　　　　　s/Mark A. Goldsmith  
　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 31, 2022.

　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky  
　　　　　　　　　　　　　　　　　　　　KARRI SANDUSKY  
　　　　　　　　　　　　　　　　　　　　Case Manager